**Pamela Holliman OGUNJOBI–YOBO, Appellant**

v.

**Alberto GONZALES, United States Attorney General, Appellee.**

No. 05–5222.

United States Court of Appeals, District of Columbia Circuit.

Dec. 9, 2005.

Rehearing En Banc Denied March 3, 2006.

Pamela Holliman Ogunjobi–Yobo, Conyers, GA, for Appellant.

R. Craig Lawrence, Michael Joseph Ryan, Assistant U.S. Attorneys, Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: ROGERS, TATEL, and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the orders of the district court dated March 24, 2005, and April 11, 2005, be affirmed. The district court treated the Attorney General's motion to dismiss as conceded and dismissed appellant's complaint. In appellant's motion for reconsideration, appellant pointed out that she had filed a timely response to the motion to dismiss. The district court considered appellant's amended response to the Attorney General's motion to dismiss, but refused to alter or amend its prior judgment. This court may affirm a judgment, however, on any ground that is properly raised below, even if the district court did not rely on it. *See Tymshare, Inc. v. Covell,* 727 F.2d 1145, 1150 (D.C.Cir.1984); *see also SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

Even if appellant did file a timely response to the motion to dismiss, dismissal was proper because appellant's complaint did not provide fair notice to the Attorney General of the claims against him and as written, appears to be frivolous on its face. *See* Fed.R.Civ.P. 8(a). Moreover, dismissal was also appropriate because appellant had not exhausted the administrative remedies available to her under the Federal Tort Claims Act. *See* 28 U.S.C. § 2675(a).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.